IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:19-CV-198-RJ

| | |
|---|---|
| SHENIKA NICOLE FRYAR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| ANDREW SAUL, COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

This matter comes before this court on the motion of Plaintiff Shenika Nicole Fryar ("Plaintiff") for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [DE-42]. Plaintiff seeks $10,541.10 in fees for the work of her counsel in this matter and in replying to Defendant's opposition to her fee request. [DE-50] at 6. Defendant does not contest that Plaintiff is a prevailing party or her entitlement to an award but challenges the amount requested by Plaintiff as being unreasonable. [DE-49]. The matter is fully briefed and ripe for review. For the reasons set forth below, Plaintiff's motion for attorney's fees is allowed in part and denied in part.

## I. BACKGROUND

On November 26, 2012, Plaintiff protectively filed an application for Supplemental Security Income ("SSI"), alleging disability beginning October 2, 2012. [DE-36] at 1. Her claim was denied initially and upon reconsideration. *Id.* A hearing before the Administrative Law Judge ("ALJ") was held on February 16, 2016, and the ALJ issued an unfavorable decision on March 29, 2016. *Id.* The Appeals Council denied Plaintiff's request for review. *Id.* at 2. Plaintiff filed a complaint in this court, and on May 31, 2018, the court remanded the case back to the

Commissioner. *Id.* A second hearing before the ALJ was held on May 28, 2019, and the ALJ issued another unfavorable decision on August 7, 2019. *Id.* Plaintiff then filed a complaint in this court and a motion for judgment on the pleadings. [DE-5, -35]. In response, Defendant consented to remanding the case to the Commissioner. [DE-39]. Accordingly, the court entered an order remanding the case for further proceedings. [DE-41]. Plaintiff made the instant application for attorney's fees on November 2, 2020. [DE-42]. Defendant filed a response in opposition, [DE-49], and Plaintiff filed a reply, [DE-50].

## II. DISCUSSION

The EAJA provides that a district court "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action" against the United States, or an agency thereof, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner does not dispute that Plaintiff is entitled to an award under the EAJA. [DE-49] at 1. Rather, the Commissioner argues that the number of hours claimed by Plaintiff's attorney are excessive and should be reduced. *Id.* Under the EAJA, an award of attorney's fees must be "reasonable" with respect to both the hourly rate charged and the number of hours claimed. *See Hyatt v. Barnhart*, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). In general, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Id.* at 253 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

### A. Number of Hours Charged

Plaintiff seeks an award of $9,993.65 in fees for 44.8 hours of attorney work and 9.1 hours of paralegal work in this matter, plus an additional $547.45 in fees for 2.7 hours of attorney work

in responding to Defendant's opposition to her fee request. [DE-43] at 2, [DE-50] at 6. In support of this request, Plaintiff submits affidavits and billing records detailing the hours claimed by counsel in preparing this case. [DE-43-3, -43-4].

Counsel "should submit evidence supporting the hours worked, and exercise 'billing judgment' with respect to hours worked." *Hyatt*, 315 F.3d at 253 (quoting *Hensley*, 461 U.S. at 433–34). The court has broad discretion to determine what constitutes a reasonable fee award. *See* 28 U.S.C. § 2412(b); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991). Factors the court must consider in determining a reasonable fee award is "[t]he extent of a plaintiff's success," "the novelty and complexity of the issues presented, and the experience and skill of the attorney." *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989, at *3–4 (E.D.N.C. Feb. 8, 2008) (quoting *Hyatt*, 315 F.3d at 254). "[S]ome consensus [exists] among the district courts that 20–40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r SSA*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007); *see also Dixon*, 2008 WL 360989 at *4 (noting that "compensated hours generally range from twenty to forty hours") (quoting *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987)).

1.  Clerical Tasks

Several of Plaintiff's time entries appear to be clerical in nature, including .6 paralegal hours for "Files received, reviewed and processed from referral source for attorney review"; .6 paralegal hours for "FDC contract and other rep docs prepared for client completion"; .3 paralegal hours for "FDC contract and other rep doc returned via Right Sig., reviewed for completion"; and 3 paralegal hours for "Combine, OCR and live bookmark Federal Court Transcript (3,040 pages)."

3

Time reasonably spent on pre-complaint investigation, legal research, and informal discovery relevant to developing the theory of the case is recoverable under the EAJA. *Lucas v. White*, 63 F. Supp. 2d 1046, 1058-59 (N.D. Cal. 1999); *see also Ward v. Astrue*, No. 3:11-CV-523-J-TEM, 2012 WL 1820578, at *2 (M.D. Fla. May 18, 2012) (internal citations omitted) (Plaintiff's counsel's hours for pre-complaint work of reviewing the administrative file, creating Plaintiff's affidavit of indigency, and the motion for *in forma pauperis* status are reasonable for EAJA fees, including telephonic conferences with client). However, clerical tasks are considered overhead, and thus are not compensable under the EAJA because the services do not require professional skill or expertise. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Teeter v. Comm'r of Soc. Sec.*, No. 1:11CV2376, 2013 WL 5279102, at *6 (N.D. Ohio Sept. 18, 2013) ("time spent merely logging in docketing information such as time deadlines and in making and sending copies to the client or the Commissioner's counsel are non-compensable since they are essentially clerical, while actually preparing and filing submissions to the court or communicating with the court are compensable as traditional attorney functions").

Here, the entry titled "Files received, reviewed and processed from referral source for attorney review" is an administrative task rather than legal research or analysis conducted to develop the theory of the case. *See Klein v. Colvin*, No. 1:14-CV-1496, 2016 WL 3654458, at *4 (M.D. Pa. July 8, 2016) ("Time spent corresponding with referral sources is noncompensable under the EAJA whether accomplished by attorneys or support staff as such endeavors do not further the client's extant cause."). Accordingly, it is non-compensable as clerical work. The two tasks related to preparing and receiving contracts and other representation documents from the client are likewise clerical. *See Sassan v. Comm'r of Soc. Sec.*, No. 1:08-CV-120, 2010 WL 3892220, at *3 (W.D. Mich. Jan. 13, 2010) (holding that "drafting and sending forms to plaintiff, efforts to locate

plaintiff, and receiving forms from plaintiff" were non-compensable clerical tasks), *adopted by* 2010 WL 3843767 (W.D. Mich. Sept. 28, 2010). Additionally, the three hours of paralegal time spent combining and bookmarking the transcript appears to be clerical in nature, as those tasks are not traditionally performed by an attorney. *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002) ("Although fees for paralegal time may be recoverable under the EAJA, such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client."). In total, the 4.5 hours of paralegal clerical work billed is non-compensable, and the total award is reduced by 4.5 hours of paralegal time.

2. Telephone Calls with Plaintiff

A total of 2.1 hours of telephone calls with Plaintiff were billed, including: .4 paralegal hours for "Telephone call with Client re: completed federal debt check, explained EAJA"; .5 paralegal hours for "Telephone call with Client re: assistance with IFP & reviewed FDC contract"; .1 paralegal hours for "Telephone call with Client re: status of case, advised case was filed"; .2 paralegal hours for "Phone call w/Clnt re: status, adv. pndng in FC & approx. time frame for decision"; .1 paralegal hours for "Phone call w/Client re: status, advised case pending & timeframe for decision"; .1 paralegal hours for "Phone call w/Client re: status, case pending & length of time for a decision"; .2 paralegal hours for "Phone call w/Client re: status, explained briefing & timeframe for decision"; .2 paralegal hours for "Phone call w/Client re: status, awaiting decision & length of time for decision"; and .3 paralegal hours for "Telephone call with Client re: explanation of FDC remand."

Several of these calls appear to be substantive discussions which were appropriately performed by an attorney, namely the call explaining the EAJA, the call assisting Plaintiff with the IFP, and the call explaining the remand. *See Ward*, 2012 WL 1820578, at *2. However, the

calls made by paralegals advising Plaintiff of the status of her case are not work traditionally performed by an attorney, and they are best described as clerical work. *See Crumbley v. Colvin*, No. 5:13-CV-291 MTT, 2014 WL 6388569, at *4 (M.D. Ga. Nov. 14, 2014) (disallowing as clerical in nature time corresponding with the client regarding case status). Accordingly, the .9 hours spent advising Plaintiff of the status of her case are non-compensable, the total award is reduced by .9 hours of paralegal time.

3. <u>Preparing and Filing the Complaint and Related Documents</u>

Defendant contends that the .5 attorney hours billed for "Draft Complaint, Proposed Summons, Civil Cover Sheet, USM-285, & Fin. Disclosure" combines compensable attorney tasks with non-compensable clerical tasks. [DE-49] at 6. The preparation of the summonses, the civil cover sheet, and the financial disclosure statement are generally clerical tasks and are not properly compensable. *See Jenkins*, 491 U.S. at 288 n.10; *see also Surge v. Massanari*, 155 F. Supp. 2d 1301, 1305 n.7 (M.D. Ala. 2001) (holding that clerical tasks include preparing summons); *Brandt v. Astrue*, No. 08-0658-TC, 2009 WL 1727472, at *4 (D. Or. June 16, 2009) (holding that preparing a summons and civil cover sheet are clerical tasks not compensable under the EAJA). However, the fact that clerical tasks are listed in the same time entry as preparing the complaint does not undercut the reasonableness of spending half an hour drafting the complaint itself. *See Downey v. Astrue*, No. 1:09-CV-00812-SKO, 2012 WL 1205824, at *13 (E.D. Cal. Apr. 11, 2012) (finding one hour reasonable for preparing and filing a complaint and related documents in a Social Security case). The half hour billed for drafting the complaint is therefore properly compensable.

4. <u>Reviewing Routine Documents</u>

Counsel billed a total of .7 attorney hours, or 42 minutes, for reviewing routine court documents, including: .1 hours for "Note notice re: motion referred to District Judge James E.

Gates"; .1 hours for "Note summons issued as to USAO, OGC, and AG"; .3 hours to review three USM 285 forms, at .1 hours each; .1 hours for "Review notice of appearance by Leah F. Gols o/b/o Commissioner of SS"; and .1 hours for "Note order reassigning case to Magistrate Judge Louise Wood Flanagan."

Tasks "such as reviewing court documents . . . are typically performed by an attorney and are compensable." *Fontana v. Astrue*, No. 1:10-CV-0932-DLB, 2012 WL 259945, at *3 (E.D. Cal. July 21, 2011). Nonetheless, it is unreasonable that reviewing seven routine documents would take 42 minutes, particularly considering that the review of the documents could not have been thorough, as the entry "Note order reassigning case to Magistrate Judge Louise Wood Flanagan" is erroneous in two respects: Judge Flanagan is a District Court judge, not a magistrate judge, and the case was reassigned to the undersigned, not to Judge Flanagan. [DE-29]. Plaintiff contends that the time spent reviewing these documents is reasonable because .1 hours is the smallest increment that may be billed. [DE-50] at 3–4. That may be true, but cumulatively, spending 42 minutes reviewing seven routine documents is grossly overstated. In *Downey*, the court articulated the problem with billing multiple small tasks at .1 increments, resulting in a cumulative overestimation of the total time spent on those tasks:

Six-minute billing increments, which is how Ms. Bosavanh's time entries are recorded and presented, can be problematic when small tasks that require less than six minutes are recorded separately. Six-minute billing increments can result in a rounding-up that over-calculates the time actually spent on the tasks in total. Thus, for example, when eight separate tasks that require one minute each (for a total of eight minutes of time) and are billed as eight discrete six-minute tasks, they are billed as 48 minutes of time spent. In other words, eight minutes of actual time spent generates billing entries of 48 minutes. . . . While the Court appreciates the need for counsel to review court orders, the docket, and prepare routine documents for filing, the total amount billed for the tasks above is unreasonable when each event is recorded as a discrete six-minute event. Multiple 0.1 time entries for review of single-page documents in the record, such as notices and minute orders, resulted in an unreasonable accumulation of time.

2012 WL 1205824, at *12. Here, reducing the total time to .3 hours would result in approximately two and a half minutes for reviewing each document, which is a more reasonable estimation of the time it would take an attorney to review a one-page, routine document. Accordingly, the total time is reduced by .4 attorney hours.

5.     Preparing Plaintiff's Motion for Judgment on the Pleadings

Counsel spent a total of 37.9 hours reviewing the administrative record and drafting the brief, and 2.8 hours were spent by other attorneys reviewing the brief and implementing edits. The brief is twenty-four pages long and discusses three issues, none of which are novel or complex. [DE-36]. Plaintiff contends that the amount of time spent on the brief was due instead to the length of the administrative record, which was more than three thousand pages. [DE-50] at 1. It appears that 30.8 hours were spent reviewing the record and drafting the facts section of the brief. [DE-43-3] at 2.

Generally, forty hours is the upper limit of a reasonable amount of time to spend on a social security case without complex issues. *See Harden*, 497 F. Supp. 2d at 1215; *Dixon*, 2008 WL 360989 at *4. Here, however, the administrative record was significantly longer than a typical record. *See Chase v. Astrue*, 2011 WL 777898 at *3 (W.D. Ark. February 25, 2011) (finding 17.4 hours for reviewing 531-page administrative transcript and preparing 21 page brief containing no unique or complex issues prepared by counsel who frequently represents social security plaintiffs excessive). Counsel spent only 7.1 hours researching the issues and writing the argument section of the brief. Considering the size of the administrative file, the 30.8 hours spent reviewing it and drafting the facts section was reasonable, and the total of 40.7 hours spent on the brief is also therefore reasonable and compensable.

6.   Preparing the EAJA Motion

Counsel billed 1.5 paralegal hours for "EAJA Preparation"; .5 attorney hours for "Review Timeslips and Finalize EAJA Narrative"; .7 paralegal hours for "Ready EAJA Narrative, Time Records, Exhibits, Certificate. Forward to co-counsel"; and .1 attorney hours for "Review co-counsel prepared EAJA, finalize and file." [DE-43-2] at 3. Additionally, Plaintiff requests a total of 2.7 attorney hours for replying to Defendant's opposition to her EAJA application. [DE-50] at 6.

Preparing an itemized time sheet for an EAJA fee motion is not a clerical task, as counsel must review the time records to make sure the time is properly billed to the client, ensure that time billed is accurate, and ensure any privileged information is redacted. *Stairs v. Astrue*, No. 1:10-CV-0132-DLB, 2011 WL 2946177, at *3 (E.D. Cal. July 21, 2011); *see also Fortes v. Astrue*, No. 08-CV-317-BTM (RBB), 2009 WL 3007735, at *4 (S.D. Cal. Sept. 17. 2009) (allowing 2.75 hours reviewing time records and logs to prepare a billing sheet in support of an EAJA motion). It appears that the .5 attorney hours for reviewing and finalizing the EAJA narrative and the .1 attorney hours for reviewing, finalizing, and filing were therefore not clerical tasks. *See Downey*, 2012 WL 1205824, at *14 ("the time spent preparing a declaration in support of an EAJA application and reviewing time entries to ensure they contain no confidential information is appropriate and compensable." (citations omitted)). However, the 1.5 paralegal hours of "EAJA Preparation" and the .7 paralegal hours for "Ready EAJA Narrative, Time Records, Exhibits, Certificate. Forward to co-counsel" appear to be clerical in nature. *See id.* ("because clients are not properly charged for their attorney's time spent creating a billing statement, time spent creating time entries or reviewing them for clerical accuracy is not properly compensable."); *Jenkins*, 491 U.S. at 288 n.10. Accordingly, the compensable time is reduced by 1.2 paralegal hours.

Plaintiff also requests a total of 2.7 attorney hours for replying to Defendant's opposition to her EAJA application. [DE-50] at 6. The reply is six pages long, responds to Defendant's arguments, and cites numerous cases. The time requested for drafting the reply therefore appears reasonable and is compensable. *See Crocker v. Colvin*, No. CA 1:11-1629-CMC, 2013 WL 1867338, at *2 (D.S.C. May 3, 2013) (finding that .5 hours of attorney time and 1 hour of paralegal time spent responding to the Commissioner's opposition to an award of EAJA fees was compensable).

## B. Hourly Rate

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the court's sound discretion. *Payne v. Sullivan*, 977 F.2d 900, 901 (4th Cir. 1992). The Fourth Circuit has held that an increase in the statutorily prescribed rate for attorney's fees should be based on a general cost of living index. *See Sullivan v. Sullivan*, 958 F.2d 574, 578 (4th Cir. 1992). District courts interpreting *Sullivan* have settled on the U.S. Department of Labor's Consumer Price Index-South Urban Area ("CPI-SUA") as the proper measure to incorporate a cost of living adjustment in EAJA cases. *See Dixon*, 2008 WL 360989, at *5 (explaining the CPI-SUA "is used to measure the cost of living adjustment for North Carolina") (emphasis omitted). Furthermore, the court may not use a single rate for time entries spanning more than one calendar year. *See id.*, 2008 WL 360989, at *4 (explaining "fees incurred in a particular year must be

indexed using the cost of living multiplier to that year, and so on for each year in which fees were incurred") (citation omitted).

Here, Plaintiff requests an hourly rate of $202.76 for attorney work and $100.00 for paralegal work, which reflects a statutorily allowable adjustment for cost of living. [DE-43] at 2. The cost of living adjustment is calculated from March 1996, the date the EAJA was amended to reflect the current hourly rate of $125.00. *See Dixon*, 2008 WL 360989, at *5; *Harris*, 792 F. Supp. at 1016-17. In March 1996, the CPI for "South Urban Area" was 152.4 ("Basis"). *Dixon*, 2008 WL 360989, at *5. The annual year CPI for the South Urban Area for 2019 was 246.265 and for 2020 was 248.639.[1] To determine the hourly rate for each of these years, the court uses the following formula: **Annual Year CPI/Basis = Multiplier x $125.00 = Hourly Rate for Year**. *See Dixon*, 2008 WL 360989, at *5; *Harris*, 792 F. Supp. at 1018. Based on the above formula, the "South Urban Area" maximum hourly rate for 2019 is **$201.99** *(246.265 / 152.4 = 1.6159 x $125.00)* and for 2020 is **$203.94** *(248.639 / 152.4 = 1.6315 x $125.00)*. *See Dixon*, 2008 WL 360989, at *5. Accordingly, an hourly rate of $201.99 will be applied to the attorney work performed in 2019, and because Plaintiff has requested an hourly rate of $202.76, which is below the maximum rate for 2020, Plaintiff's requested rate of **$202.76** will be applied to the attorney work performed in 2020.

In her motion, Plaintiff requests 2.3 attorney hours for work performed in 2019, 2.5 paralegal hours for work performed in 2019, 42.5 attorney hours for work performed in 2020, and 6.6 paralegal hours for work performed in 2020. [DE-43-3, -43-4]. Additionally, Plaintiff requests 2.7 attorney hours for replying to Defendant's opposition to motion in 2020. [DE-50].

---

[1] United States Dept. of Labor, Bureau of Labor Statistics, *Consumer Price Index – All Urban Consumers* (Feb. 17, 2021), https://data.bls.gov/PDQWeb/cu; in the "Select an Area" field, select "South," and in the "Select one or more Items" field, select "All items."

As discussed above, 6.6 hours of paralegal work are not compensable; accordingly, the total hours of paralegal work are 2.5. Additionally, .7 attorney hours for reviewing routine documents is reduced by .4 hours to .3 hours. Of the .7 hours claimed, .6 were performed in 2019 and .1 was performed in 2020. The 2020 time entry was "Note order reassigning case to Magistrate Judge Louise Wood Flanagan," and as discussed above, that entry is erroneous in two respects. Accordingly, the court will consider the .3 compensable hours of reviewing routine documents to have occurred in 2019, for the document review in 2020 could not have been thorough. With a reduction of .3 attorney hours in 2019 and .1 attorney hours in 2020, plus the addition of 2.7 attorney hours in 2020 for replying to Defendant's opposition, the total hours of attorney work performed in 2019 was 2 hours, and the total hours of attorney work performed in 2020 was 45.1 hours.

Applying the hourly rate to the number of attorney hours in each year yields the following total in attorney's fees:

2019: 2 hours x $201.99/hr. = $403.98

2020: 45.1 hours x $202.76/hr. = $9,144.48

Total attorney's fees = $9,548.46

Additionally, Plaintiff requests a paralegal rate of $100.00 per hour, and Defendant has not opposed that rate. Accordingly, the total of 2.5 paralegal hours at a rate of $100.00 per hour results in $250.00 in paralegal fees. The total award of attorney and paralegal fees is therefore **$9,798.46.**

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion [DE-50] is allowed in part and denied in part, and Plaintiff is awarded a total of $9,798.46 in fees.

So ordered, this the 26 day of February, 2021.

12
Case 7:19-cv-00198-RJ   Document 51   Filed 02/26/21   Page 12 of 13

Robert B. Jones, Jr.
United States Magistrate Judge